JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Cesar Powers, appeals his conviction in the common pleas court following a jury trial. He contends his conviction should be vacated because the record is devoid of evidence that force or threat of force was used in committing the offenses. After reviewing the record and the arguments of the parties, we affirm appellant's conviction.
 {¶ 2} On April 9, 2004, appellant was indicted by the Cuyahoga County Grand Jury in a multiple count indictment, which was based upon multiple occurrences of sexual abuse committed by appellant against his son and step-daughter.
 {¶ 3} Counts one through five charged appellant with crimes committed against his step-daughter: Counts one and two charged him with rape, in violation of R.C. 2907.02; Counts three and four charged him with felonious sexual penetration, in violation of R.C. 2907.12; Count five charged him with kidnapping, in violation of R.C. 2905.01.
 {¶ 4} Counts six through eight charged appellant with crimes committed against his son: Count six charged him with gross sexual imposition with a sexually violent predator specification, in violation of R.C. 2907.05; and Counts seven and eight charged him with kidnapping with sexual motivation and sexually violent predator specifications, in violation of R.C. 2905.01.
 {¶ 5} This appeal specifically pertains to the charges concerning the sexual assaults against appellant's step-daughter, I.W.[1] I.W. was born on May 19, 1978. She had three siblings and lived with her mother and younger brother, C.W.[2] When I.W. was approximately 12 years old, her mother married appellant. Around that same period of time, while walking I.W. to or from school, appellant grabbed her hand and led her toward a nearby abandoned school building stating he wanted to teach her about sex. He stopped when a passerby yelled out to them. I.W. did not inform anyone of this incident because appellant convinced her that no one would believe her word over his.
 {¶ 6} Months later, I.W. awoke one night to discover appellant naked and lying on top of her. She protested and told him to get off her, but he refused and told her to stop resisting and to be quiet. He then spat on his fingers and inserted them into her vagina. He then removed his fingers and inserted his penis into her vagina. I.W. stated that during the assault, she went numb and laid there to wait for it to be over. Afterward, appellant again convinced I.W. not to tell her mother and gave her money as an apparent bribe.
 {¶ 7} A similar assault occurred several months later. This time, I.W. was watching television when appellant told her he needed to talk to her. He left the room, but returned naked and stood over her. Appellant again inserted first his fingers and then his penis into her vagina. I.W. stated that she again went numb and laid there waiting for it to be over. She again did not immediately tell anyone of this assault.
 {¶ 8} In December 2003, I.W.'s mother asked her to listen to her brother, C.W., who was talking about sexual abuses he endured at the hands of appellant. At that time, I.W. informed her mother that she believed C.W., and she described the assaults by the appellant that she had endured. At that point, the police were notified, as was Children and Family Services.
 {¶ 9} On April 22, 2004, appellant was arraigned and pleaded not guilty to the indictment. On September 27, 2004, he filed a Motion to Sever Counts, which the trial court granted on October 25, 2004. In granting this motion, the trial court held that the evidentiary rules required that counts one through five be tried separately from counts six through eight.
 {¶ 10} On November 15, 2004, a jury trial began on counts one through five. At trial, I.W. explained that she looked up to appellant as a parental figure, and she felt he had authority over her. She also testified that she attempted to stop him, both verbally and physically, when he assaulted her, but was unable to stop him.
 {¶ 11} At trial, appellant moved the trial court for a Crim.R. 29 acquittal, which was denied. On November 19, 2004, he was convicted of two counts of felonious sexual penetration with the jury finding that he used force or the threat of force to commit the offenses as charged in counts three and four of the indictment. He was found not guilty of counts one and two of the indictment, and count five was dismissed by the state prior to deliberations.
 {¶ 12} On December 16, 2004, the trial court imposed mandatory sentences of life in prison on each count and found appellant to be a habitual sexual offender pursuant to H.B. 180.
 {¶ 13} The trial court subsequently turned its attention to the remaining counts in the original indictment (Counts six through eight), however, due to a lack of available jurors, the trial court was unable to immediately commence proceedings on the remaining counts. Furthermore, because the sitting judge was retiring and a new judge would be taking over the docket at the start of the new year, the initiation of proceedings on these counts was set for January 18, 2005 before the new judge.
 {¶ 14} On May 9, 2005, the trial court held a hearing that ultimately disposed of the remaining counts in the original indictment (counts six through eight). Pursuant to a plea agreement, which amended count six to attempted gross sexual imposition without specifications, appellant entered a plea of no contest, and the remaining counts were nolled. Appellant was sentenced to one year incarceration, to be served concurrent with the life sentences imposed on the convictions for felonious sexual penetration.
 {¶ 15} Appellant appeals his convictions pursuant to the jury trial, citing one assignment of error.
 {¶ 16} "I. THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENDANT-APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29(A) OHIO RULES OF CRIMINAL PROCEDURE, IN THAT THE STATE OF OHIO DID NOT INTRODUCE SUFFICIENT EVIDENCE OF THE USE OR THREATENED USE OF FORCE TO SUPPORT THE SPECIFICATION."
 {¶ 17} In his sole assignment of error, appellant argues that the trial court's decision denying his motion for a Crim.R. 29 acquittal was error because his conviction on specifications of force or the threat of force in committing felonious sexual penetration was not supported by sufficient evidence. After a thorough review of the record, we find no merit in appellant's argument.
 {¶ 18} Crim.R. 29 provides, in pertinent part:
 {¶ 19} "The court on motion of a defendant * * * shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment * * * if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 20} In State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, the Ohio Supreme Court reexamined the standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence:
 {¶ 21} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" Id. at paragraph two of the syllabus.
 {¶ 22} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. State v.Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. InThompkins, the Ohio Supreme Court stated:
 {¶ 23} "With respect to sufficiency of the evidence, `"sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955),162 Ohio St. 486, 55 Ohio Op. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31,45, 102 [*387] S.Ct. 2211, 2220, 72 L.Ed. 2d 652, 663, citingJackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed. 2d 560." Id. at 386-387.
 {¶ 24} Finally, we note that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent credible evidence which goes to all the essential elements of the case. Cohen v. Lamko (1984), 10 Ohio St.3d 167,462 N.E.2d 407.
 {¶ 25} Here, appellant was convicted of felonious sexual penetration, pursuant to former R.C. 2907.12, which reads in pertinent part:
 {¶ 26} "(A)(1) No person, without privilege to do so, shall insert any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another who is not the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
 {¶ 27} "* * *
 {¶ 28} "(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
 {¶ 29} "* * *
 {¶ 30} "(B) * * * If the offender * * * purposely compels the victim to submit by force or threat of force, whoever violates division (A)(1)(b) of this section shall be imprisoned for life."
 {¶ 31} The issue on appeal is whether there was competent, credible evidence presented by the state to establish the element of force, as described in subsection (B) of the above statute.
 {¶ 32} "Subsection (B) of Section 2907.12 is, in all material regards, identical to subsection (B) of Section 2907.02 (dealing with the crime of rape). In State v. Eskridge (1988),38 Ohio St.3d 56, 526 N.E.2d 304, the Ohio Supreme Court noted that the degree of force necessary for imposition of a sentence of life imprisonment for the crime of rape is related to the age, size and strength of the parties, as well as to the relationship between the predator and the victim. `With the filial obligation of obedience to a parent, the same degree of force and violence may not be required upon a person of tender years, as would be required were the parties more nearly equal in age, size, and strength.' Id. at paragraph one of the syllabus. The same considerations apply to subsection (B) of Section 2907.12."State v. Rosak (1993), Summit App. No. 15851.
 {¶ 33} In the case at bar, the victim was appellant's own step-daughter, and she was under 13 years of age at the time she was sexually assaulted by appellant. The record indicates that the victim looked up to appellant and saw him as a father figure with authority over her. The record further shows that the victim attempted, both verbally and physically, to get appellant to stop the assaults, but was unsuccessful because of her young age.
 {¶ 34} Because of his age and status as her step-father, appellant was able to manipulate the victim, both physically and mentally. The record clearly demonstrates competent and credible evidence in support of his convictions, including the finding of the use of force or threat of force. Furthermore, when viewing the evidence in a light most favorable to the prosecution, it is clear that a rational trier of fact could have found that all the essential elements of the crime had been proven beyond a reasonable doubt.
 {¶ 35} Therefore, the trial court did not err in denying appellant's motion for acquittal, and his sole assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Kilbane, J., Concur.
[1] The victims are referred to herein by their initials in accordance with this court's established policy.
[2] C.W. is the victim identified in counts 6-8 of the original indictment.