JOURNAL ENTRY AND OPINION
{¶ 1} In State v. Powers, Cuyahoga County Court of Common Pleas Case No. CR-450568, applicant was found guilty by a jury and convicted of two counts of felonious sexual penetration with force. This court affirmed that judgment in State v. Powers,
Cuyahoga App. No. 86381, 2006-Ohio-1942. The Supreme Court of Ohio denied Powers's pro se motion for leave to appeal and dismissed the appeal as not involving any substantial constitutional question. State v. Powers, Ohio St.3d,2006-Ohio-5083.
 {¶ 2} Powers has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because appellate counsel failed to assign as error that trial counsel was ineffective. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that Powers has failed to meet his burden to demonstrate that "there is a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v.Spivey (1998), 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant.
"In State v. Reed (1996), 74 Ohio St.3d 534, 535,660 N.E.2d 456, 458, we held that the two prong analysis found inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674, is the appropriate standard to assess a defenserequest for reopening under App.R. 26(B)(5). [Applicant] mustprove that his counsel were deficient for failing to raise theissues he now presents, as well as showing that had he presentedthose claims on appeal, there was a `reasonable probability' thathe would have been successful. Thus [applicant] bears the burdenof establishing that there was a `genuine issue' as to whether hehas a `colorable claim' of ineffective assistance of counsel onappeal."
Id. at 25. Applicant cannot satisfy either prong of theStrickland test. We must, therefore, deny the application on the merits.
 {¶ 4} Powers contends that his trial counsel was ineffective because they failed to argue that the statute under which he was convicted, R.C. 2907.12, had been repealed effective September 3, 1996, prior to his indictment on April 9, 2004. R.C. 1.58
provides, in part:
"(A) The reenactment, amendment, or repeal of a statute doesnot, except as provided in division (B) of this section:
* * *
(3) Affect any violation thereof or penalty, forfeiture, orpunishment incurred in respect thereto, prior to the amendment orrepeal; * * *.
 (B) If the penalty, forfeiture, or punishment for any offenseis reduced by a reenactment or amendment of a statute, thepenalty, forfeiture, or punishment, if not already imposed, shallbe imposed according to the statute as amended."
Clearly, R.C. 1.58 permits the filing of charges against an individual for conduct which violated a criminal statute prior to the repeal of that statute. Powers has not presented any authority to this court to refute appellee's argument that R.C.1.58 authorized the prosecution of Powers under R.C. 2701.12 for the conduct which occurred in 1990 and 1991 and gave rise to Powers's indictment.
 {¶ 5} Powers also argues that his trial counsel was ineffective for failing to argue that his prosecution was barred by the statute of limitations. Although Powers correctly observes that, generally, the statute of limitations for felonies is six years, the general assembly amended R.C. 2901.13 effective March 9, 1999 to include violations of former R.C. 2907.12 among those crimes for which the statute of limitations is twenty years.
 {¶ 6} In State v. Diaz, Cuyahoga App. No. 81857,2004-Ohio-3954, judgment remanding for resentencing affirmed inIn re Criminal Sentencing Statues Cases, 109 Ohio St.3d 450,2006-Ohio-2626, 849 N.E.2d 1, at ¶ 4, Diaz had raped the daughter of his common-law wife over a period of six years, beginning when she was twelve years old. The victim reached the age of majority in early 1994 and was not indicted until late 2001, nearly eight years later. Diaz argued that the six-year statute of limitations applied and that the indictment would have to have been filed within six years of the victim's eighteenth birthday in early 2000. This court held, however, that the twenty-year statute of limitations under amended R.C. 2901.13 applied because the six-year statute of limitations had not expired prior to the March 9, 1999 effective date of the amendment of R.C. 2901.13
increasing the limitations period to twenty years.
 {¶ 7} In this case, the victim was born in 1978 and the conduct for which Powers was charged occurred at about the time Powers married the victim's mother and when the victim was approximately twelve. The victim reached the age of majority in 1996 and Powers was indicted nearly eight years later. Obviously, R.C. 2901.13 was amended within the six years after the victim became an adult.
 {¶ 8} Given the remarkable similarity in the circumstances presented by Diaz and this case, we cannot conclude that trial counsel was ineffective for failing to assert that the statute of limitations had run. Likewise, R.C. 1.58 requires that we reject Powers's argument regarding the propriety of his having been charged under R.C. 2907.12. We cannot conclude, therefore, that appellate counsel was deficient or that there was a reasonable probability that Powers would have been successful if his appellate counsel made the arguments which Powers raises in the application for reopening. The application for reopening fails on the merits.
 {¶ 9} Powers's request for reopening is barred by res judicata. "The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v. Perry (1967), 10 Ohio St.2d 175,22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204." Statev. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
 {¶ 10} Powers filed a notice of appeal pro se to the Supreme Court of Ohio. As noted above, the Supreme Court denied his motion for leave to appeal and dismissed the appeal. "Since the Supreme Court of Ohio dismissed [applicant's] appeal * * *, the doctrine of res judicata now bars any further review of the claim of ineffective assistance of counsel." State v. Coleman
(Feb. 15, 2001), Cuyahoga App. No. 77855, reopening disallowed (Mar. 15, 2002), Motion No. 33547, at 5. Powers also filed an App.R. 26(A) application for reconsideration pro se. Cf. Statev. Sherman (Aug. 10, 2000), Cuyahoga App. No. 75340 (holding that res judicata bars an application for reopening after new appellate counsel had filed an App.R. 26(A) application for reconsideration). In light of the fact that we find that the circumstances of this case do not render the application of res judicata unjust, res judicata bars further consideration of Powers's claim of ineffective assistance of appellate counsel.
 {¶ 11} As a consequence, Powers has not met the standard for reopening. Accordingly, the application for reopening is denied.
James J. Sweeney, J., and Christine T. McMonagle, J., concur.