[Cite as *State v. Brown*, 2022-Ohio-893.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ROY WILTON BROWN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 21 BE 0012

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 19 CR 249

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor, and *Atty. Daniel P. Fry*, Assistant Prosecuting Attorney, 52160 National Road, St. Clairsville, Ohio 43950, for Plaintiff-Appellee

*Roy Wilton Brown,* Pro Se, # 785-299, Lebanon Correctional Institution, P.O. Box 56, Lebanon, Ohio 45036. *Atty. Louis DeFabio,* 4822 Market Street, Suite 220, Boardman, Ohio 44512, and *Atty. Alexander Keane*, P.O. Box 92, Canfield, Ohio 44406, for Defendant-Appellant.

Dated:  March 21, 2022

_____

**D'Apolito, J.**

{¶1}    Appellant, Roy W. Brown, appeals from the February 18, 2021 judgment of the Belmont County Court of Common Pleas consecutively sentencing him to seven years in prison for tampering with evidence, possession of heroin, and possession of cocaine following a guilty plea.  On appeal, Appellant argues (1) the trial court erred in denying his pre-sentence motion to withdraw his guilty plea following a hearing on the basis that his initially retained trial counsel's assistance was ineffective; and (2) that his second retained trial counsel (counsel that filed and argued his motion to withdraw guilty plea) also rendered ineffective assistance.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}    On July 24, 2019, deputies with the Belmont County Sheriff's Department went to Lansing Gardens Apartment C-4 to serve an arrest warrant on the tenant, Brittany Foster.  Upon arrival, the deputies knocked on the door but no one answered.  The deputies heard footsteps and rustling inside.  Upon entering, the deputies heard glass breaking.  Appellant, who was inside Foster's apartment, broke through a bedroom window and fled.

{¶3}    The deputies began a foot pursuit.  Appellant was ordered to stop on multiple occasions but failed to comply.  During his flight, Appellant was observed discarding multiple items including drugs and drug paraphernalia from his person as he ran through the neighborhood.  Appellant was ultimately tasered and arrested.

{¶4}    On November 8, 2019, Appellant was indicted by the Belmont County Grand Jury on five counts: count one, aggravated trafficking in drugs, a felony of the first degree, in violation of R.C. 2925.03(A)(1)(C)(1)(e), with an R.C. 2941.1417(A) forfeiture specification; count two, tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1)(B); count three, aggravated possession of drugs, a felony of the first degree, in violation of R.C. 2925.11(A)(C)(1)(d); count four, possession of heroin, a felony of the second degree, in violation of R.C. 2925.11(A)(C)(6)(d); and count five, possession of cocaine, a felony of the fifth degree, in violation of R.C.

2925.11(A)(C)(4)(a). Appellant, through his initially retained trial counsel, pled not guilty at his arraignment.[1]

{¶5} Discovery was provided to Appellant and his initial trial counsel. (1/2/2020 Judgment Entry). On January 27, 2020, Appellant filed a motion to suppress. At the scheduled hearing, Appellant and Appellee, the State of Ohio, advised the trial court that a resolution had been reached and the matter was converted to a plea proceeding.

{¶6} On February 26, 2020, Appellant withdrew his former not guilty plea and pled guilty to count two, tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1)(B); an amended count four, possession of heroin, a felony of the third degree, in violation of R.C. 2925.11(A)(C)(6)(c); and count five, possession of cocaine, a felony of the fifth degree, in violation of R.C. 2925.11(A)(C)(4)(a). The trial court accepted Appellant's guilty plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11 and dismissed counts one and three. The court ordered a PSI and deferred sentencing[2]. Due to the Covid-19 pandemic, the sentencing hearing was continued several times.

{¶7} Appellant's initial trial counsel withdrew. On October 2, 2020, Appellant's second retained trial counsel filed a notice of appearance. Appellant's initial trial counsel was ordered by the trial court to provide a copy of the case file to Appellant's second trial counsel. (11/3/2020 Judgment Entry). Appellant's second trial counsel advised the trial court that he received discovery from Appellant's initial trial counsel and from the State. (12/2/2020 Judgment Entry).

{¶8} On January 25, 2021, Appellant, through his second retained trial counsel, filed a motion to withdraw his guilty plea. The State filed a response in opposition. A hearing was held on January 28, 2021. Appellant was the only witness to testify.

{¶9} According to Appellant, his initial trial counsel showed him a video of Appellant jumping out of the apartment window and fleeing on foot. (1/28/21 Motion to Withdraw Hearing T.p., 15). As stated, the deputies chased Appellant and ordered him

_____

[1] Appellant had two different attorneys-of-record represent him at the trial court level.

[2] The PSI includes Appellant's numerous prior misdemeanor and felony offenses which span three pages in length.

to stop several times but he failed to comply. During his flight, Appellant was observed discarding drugs and drug paraphernalia from his person as he ran through the neighborhood. Appellant was ultimately tasered and arrested. Appellant testified his initial trial counsel told him the case was not winnable and that he could face 20 years in prison. (*Id.* at 15-18). Appellant said he was told by an inmate that he should have received his motion for discovery. (*Id.* at 15). Appellant made a general assertion that if he had the opportunity to review discovery, he would have never signed the plea agreement. (*Id.* at 20). Appellant claimed he only had an opportunity to review the evidence after retaining his second trial counsel. (*Id.*)

{¶10} Following the hearing, the trial court denied Appellant's motion to withdraw his guilty plea.

{¶11} On February 18, 2021, the trial court consecutively sentenced Appellant based upon his previously entered guilty plea to 36 months on count two, tampering with evidence, 36 months on amended count four, possession of heroin, and 12 months on count five, possession of cocaine, for a total of seven years in prison. Appellant was given 170 days of jail-time credit.

{¶12} Appellant filed this appeal and raises two assignments of error.[3]

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ERRED WHEN IT DENIED MR. BROWN'S MOTION TO WITHDRAW GUILTY PLEA ON THE BASIS OF INEFFECTIVE ASSISTANCE OF COUNSEL.**

{¶13} Appellant argues the trial court erred in denying his pre-sentence motion to withdraw his guilty plea following a hearing on the basis that his initially retained trial counsel's assistance was ineffective.

An appellate court reviews the disposition of a motion to withdraw a guilty plea for an abuse of discretion. *State v. Carabello,* 17 Ohio St.3d 66, 67,

---

[3] On appeal, Appellant claims both of his trial court level attorneys were ineffective. Appellate counsel was appointed but after filing Appellant's brief, that attorney withdrew. Appellant is now being represented by his fourth attorney.

477 N.E.2d 627 (1985). "Abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *State v. Dixon,* 7th Dist. No. 10 MA 185, 2013-Ohio-2951, ¶ 21.

*State v. Brewer*, 7th Dist. Mahoning No. 14 MA 0127, 2016-Ohio-3224, ¶ 10.

> Even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, * * * still the decision thereon is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. * * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. * * * (Internal citations omitted.)

*State v. Muldrow*, 7th Dist. Mahoning Nos. 19 MA 0124 and 19 MA 0125, 2020-Ohio-4815, ¶ 15, quoting *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992); Crim.R. 32.1.

> "It is well-settled that in order to establish a claim of ineffective assistance of counsel, appellant must show two components: (1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defense." *State v. Price,* 3d Dist. No. 13-05-03, 2006-Ohio-4192, ¶ 6, citing *State v. Kole* (2001), 92 Ohio St.3d 303, 306, 750 N.E.2d 148, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674.

> In the context of a guilty plea, the defendant must demonstrate that "there is a reasonable probability that, but for his counsel's deficient or unreasonable performance, the defendant would not have pled guilty" and would have insisted on going to trial. *Xie,* 62 Ohio St.3d at 524, 584 N.E.2d 715; citing *Hill v. Lockhart* (1985), 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203. See, also, *State v. Schmidt,* 3d Dist. No. 15-05-18, 2006-Ohio-

2948, ¶ 32; *State v. Dudas,* 11th Dist. Nos. 2007-L-140 and 2007-L-141, 2008-Ohio-3262, ¶ 89.

*State v. McQueen*, 7th Dist. Mahoning No. 08 MA 24, 2008-Ohio-6589, ¶ 15-16.

**{¶14}** "Tactical or strategic trial decisions do not generally constitute ineffective assistance." *State v. Gawron*, 7th Dist. Belmont No. 20 BE 0009, 2021-Ohio-3634, ¶ 94, citing *State v. Frazier*, 61 Ohio St.3d 247, 255 (1991). "Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client." *Gawron* at ¶ 94, citing *State v. Bradley,* 42 Ohio St.3d 136, 141-142 (1989).

**{¶15}** In this case, Appellant was represented by his initially retained trial counsel during the February 25, 2020 change of plea hearing. At that hearing, Appellant indicated he had completed his GED, could read and write, was not under the influence of drugs or alcohol, and was entering his guilty plea voluntarily and free from force or coercion. (2/25/2020 Plea Hearing T.p., 5-6). Appellant further acknowledged on the record that he was satisfied with the representation he received from his initial trial counsel with respect to his guilty plea. The following exchange took place between Appellant and the trial judge:

THE COURT: Has your attorney explained everything to you and answered all of your questions?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Are you satisfied with his advice and competence?

THE DEFENDANT: Yes, sir, Your Honor.

* * *

THE COURT: Have you reviewed the Plea Agreement * * * with your attorney?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand all of its terms?

Case No. 21 BE 0012

THE DEFENDANT: Yes, Your Honor.

THE COURT: Have you discussed those terms with your attorney?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Are you satisfied with his advice regarding that Plea Agreement?

THE DEFENDANT: Yes, Your Honor.

* * *

THE COURT: What plea do you enter, sir, to the three counts remaining; the two counts, plus the one as amended?

THE DEFENDANT: Guilty, Your Honor.

(2/25/2020 Plea Hearing T.p., 6-9)

{¶16} As stated, Appellant was indicted on five counts, retained his initial trial counsel, and pled not guilty. Appellant later withdrew his not guilty plea and pled guilty to three counts: count two, tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1)(B); an amended count four, possession of heroin, a felony of the third degree, in violation of R.C. 2925.11(A)(C)(6)(c); and count five, possession of cocaine, a felony of the fifth degree, in violation of R.C. 2925.11(A)(C)(4)(a). The trial court accepted Appellant's guilty plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11 and dismissed counts one and three. Thus, Appellant's decision to enter a guilty plea to three of the five counts was a tactical decision made by him with the advice of his initial trial counsel, which resulted in a sentencing benefit to him as he faced more years in prison. *See Gawron, supra,* at ¶ 94.

{¶17} Notwithstanding the fact that the record clearly establishes that Appellant was satisfied with the representation from his initial trial counsel, he claims that his attorney failed to provide him with complete discovery before he entered his guilty plea on February 26, 2020. Again, however, the record reveals that discovery had been

Case No. 21 BE 0012

provided to Appellant and his initial trial counsel prior to the trial court's January 2, 2020 judgment entry.

**{¶18}** Appellant further claims he and his family had trouble communicating with his initial trial counsel. Appellant claims his second trial counsel also had trouble communicating with his initial trial counsel. Appellant asserts that discovery materials, that he was only made privy to later on, would have negated his decision to enter his guilty plea. However, Appellant failed to identify what specific evidence, if any, would have somehow changed his mind. Thus, Appellant's claim is completely uncorroborated as he offered no evidence to the trial court that in any way supported it. Yet, Appellant requested that the trial court allow him to withdraw his guilty plea but now argues before this court that the trial court's decision was error based upon his claim of ineffective assistance of counsel. Appellant also offers no evidence to this court to support this claim.

**{¶19}** Prior to the current proceeding, Appellant had numerous misdemeanor and felony offenses beginning in 2004. Again, the PSI includes all of Appellant's offenses which span three pages in length. To somehow suggest that Appellant was unknowledgeable about the criminal and discovery process, as he now asserts, is unconvincing. In addition, Appellant's acknowledgement alone that he was satisfied with his initial trial counsel's representation contradicts his claims underlying his argument on appeal that counsel rendered ineffective assistance.

**{¶20}** Accordingly, the record before us does not reveal that Appellant's initial trial counsel was ineffective. Pursuant to *Strickland, supra,* Appellant fails to show that his initial trial counsel's performance was deficient and that the deficient performance prejudiced the defense. Appellant's motion to withdraw his guilty plea was properly considered and the trial court did not abuse its discretion in denying it.

**{¶21}** Appellant's first assignment of error is without merit.

**<u>ASSIGNMENT OF ERROR NO. 2</u>**

**MR. BROWN RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT THE HEARING ON THE MOTION TO WITHDRAW GUILTY PLEA.**

{¶22} Appellant contends his second trial counsel (counsel that filed and argued his motion to withdraw guilty plea) also rendered ineffective assistance. Specifically, Appellant asserts he suffered prejudice because his second trial counsel undermined his motion, failed to subpoena his initial trial counsel, and referred to his initial trial counsel as a "Super Lawyer."[4]

{¶23} As addressed in his first assignment of error concerning ineffective assistance of counsel, Appellant also fails under this assignment to prove either prong under *Strickland*.

{¶24} Like his initial trial counsel, Appellant's second trial counsel was also retained by him. Appellant's second trial counsel filed a notice of appearance on October 2, 2020. Appellant's initial trial counsel was ordered by the trial court to provide a copy of the case file to Appellant's second trial counsel. (11/3/2020 Judgment Entry). Appellant's second trial counsel advised the trial court that he, in fact, received discovery from Appellant's initial trial counsel and from the State. (12/2/2020 Judgment Entry).

{¶25} Appellant's motion to withdraw his guilty plea was filed on January 25, 2021. The motion was filed and argued by Appellant's second trial counsel. Before filing the motion, Appellant's second trial counsel and Appellant had been given full access to all discovery materials. The motion was heard by the trial court and denied on January 28, 2021. There was no evidence presented at the hearing which, in any way, would have supported Appellant's speculative claim that but for his inability to review discovery evidence earlier, he would not have entered a guilty plea on February 26, 2020.

{¶26} Upon consideration, the record before us does not establish that Appellant's second trial counsel was ineffective. Pursuant to *Strickland, supra,* Appellant fails to show that his second trial counsel's performance was deficient and that the deficient performance prejudiced the defense. Appellant's motion to withdraw his guilty plea was properly considered and the trial court did not abuse its discretion in denying it.

{¶27} Appellant's second assignment of error is without merit.

---

[4] Appellant's second trial counsel's reference was proper as Appellant's initial trial counsel has been licensed to practice law since 1994, is a top rated criminal defense attorney, and was in fact selected to Super Lawyers in 2021. (State's Exhibit A).

**CONCLUSION**

**{¶28}** For the foregoing reasons, Appellant's assignments of error are not well-taken.  The judgment of the Belmont County Court of Common Pleas is affirmed.


Donofrio, P.J., concurs.

Robb, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

Case No. 21 BE 0012