[Cite as *State v. Brown*, 2022-Ohio-1917.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ROY WILTON BROWN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 21 BE 0012

---

Application to Reopen

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. J. Kevin Flanagan,* Belmont County Prosecutor*, and Atty. Daniel P. Fry,* Assistant Prosecuting Attorney, 52160 National Road, St. Clairsville, Ohio 43950, for Plaintiff-Appellee (No Response Filed) and

Roy Wilton Brown, *Pro Se*, Lebanon Correctional Institution, P.O. Box 56, Lebanon, Ohio 45036, Defendant-Appellant.

Dated: May 31, 2022

**PER CURIAM.**

{¶1}   On April 18, 2022, Appellant, Roy Wilton Brown, filed a pro se App.R. 26(B) application to reopen his direct appeal in *State v. Brown*, 7th Dist. Belmont No. 21 BE 0012, 2022-Ohio-893.  Appellee, the State of Ohio, did not file a response.

{¶2}   Appellant was consecutively sentenced to seven years in prison for tampering with evidence, possession of heroin, and possession of cocaine following a guilty plea.  In Appellant's direct appeal, appellate counsel raised two assignments of error: (1) that the trial court erred in denying Appellant's pre-sentence motion to withdraw his guilty plea following a hearing on the basis that his initially retained trial counsel's assistance was ineffective; and (2) that Appellant's (subsequently) retained trial counsel (counsel that filed and argued his motion to withdraw guilty plea) also rendered ineffective assistance.  *Id.* at ¶ 1.  This court found no merit in either argument and affirmed the trial court's judgment on March 21, 2022.  *Id.* at ¶ 28.

> App.R. 26(B)(1) and (2)(b) require applications to reopen based on ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision. App.R. 26(B)(1), (2)(b); *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861. The ninety-day requirement applies to all appellants. *State v. Buggs,* 7th Dist. Mahoning Nos. 06 MA 28, 07 MA 187, 2009-Ohio-6628, ¶ 5.
>
> If an application for reopening is not filed within the ninety day time period, an appellant must make a showing of good cause justifying the delay in filing. *State v. Dew,* 7th Dist. Mahoning No. 08 MA 62, 2012-Ohio-434.

*State v. Frazier*, 7th Dist. Belmont No. 16 BE 0040, 2020-Ohio-993, ¶ 5-6.

{¶3}   As stated, Appellant's application for reopening was filed on April 18, 2022. Therefore, his application is timely as it was filed within the 90-day timeframe of this court's March 21, 2022 decision.  *Brown, supra*; App.R. 26(B)(1) and (2)(b).  Upon review,

Case No. 21 BE 0012

however, Appellant fails to meet the standard for reopening this appeal. *See State v. Romeo*, 7th Dist. Mahoning No. 14 MA 0060, 2018-Ohio-2482, ¶ 6.

> The test for ineffective assistance of counsel requires a defendant to prove (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984). Under this test, a criminal defendant seeking to reopen an appeal must demonstrate that appellate counsel was deficient for failing to raise the issue presented in the application for reopening and that there was a reasonable probability of success had that issue been raised on appeal. [*State v.*] *Spivey*[, 84 Ohio St.3d 24,] 25 [(1998)].
>
> * * *
>
> Under App.R. 26(B), an applicant must set forth "(o)ne or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation." App.R. 26(B)(2)(c).

*State v. Hackett*, 7th Dist. Mahoning No. 17 MA 0106, 2019-Ohio-3726, ¶ 6, 9.

> [Furthermore] [i]t should finally be noted that appellate counsel need not raise every possible issue in order to render constitutionally effective assistance. [*State v.*] *Tenace,* 109 Ohio St.3d 451 at ¶ 7, 849 N.E.2d 1, citing *State v. Sanders* (2002), 94 Ohio St.3d 150, 151-152, 761 N.E.2d 18. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes* (1983), 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987.

*State v. Jones*, 7th Dist. Mahoning No. 06 MA 17, 2008-Ohio-3352, ¶ 6.

{¶4}    Appellant raises four assignments of error in his application, namely that: (1) the trial court erred in sentencing him to the maximum; (2) the court erred in sentencing him consecutively; (3) the court erred in sentencing him regarding allied offenses; and (4) the court erred in running his sentences consecutively instead of concurrently.  (4/18/2022 Appellant's Application for Reopening, p. 2-3).  Appellant, however, fails to provide any analysis to support his four assignments of error.  Because Appellant's assignments are interrelated, as they all concern his sentence, we will address them together.

{¶5}    This court utilizes R.C. 2953.08(G) as the standard of review in all felony sentencing appeals.  *State v. Michaels*, 7th Dist. Mahoning No. 17 MA 0122, 2019-Ohio-497, ¶ 2, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

{¶6}    R.C. 2953.08(G) states in pertinent part:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.  The appellate court's standard for review is not whether the sentencing court abused its discretion.  The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2)(a)-(b).

Case No. 21 BE 0012

{¶7}    Although trial courts have full discretion to impose any term of imprisonment within the statutory range, they must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12.

{¶8}    R.C. 2929.11(A) provides that the overriding purposes of felony sentencing are (1) "to protect the public from future crime by the offender and others"; and (2) "to punish the offender * * * using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶9}    R.C. 2929.12 provides a nonexhaustive list of sentencing factors the trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses. The court that imposes a felony sentence "has discretion to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A). The factors a trial court may consider include the "more serious" factors, such as "[t]he physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim" and "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." R.C. 2929.12(B)(1) and (2). The court may also consider the "less serious" factors, any recidivism factors, and any mitigating factors listed in R.C. 2929.12(C)-(F).

> R.C. 2929.11 does not require the trial court to make any specific findings as to the purposes and principles of sentencing. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. Similarly, R.C. 2929.12 does not require the trial court to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

*State v. Shaw*, 7th Dist. Belmont No. 15 BE 0065, 2017-Ohio-1259, ¶ 36; *see also State v. Morant*, 7th Dist. Belmont No. 20 BE 0020, 2021-Ohio-3160, ¶ 56 ("'[N]either R.C. 2929.11 nor R.C. 2929.12 requires a trial court to make any specific factual findings on the record[.]'")

**{¶10}** "'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.' *State v. King,* 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.)." *State v. Burkhart*, 7th Dist. Belmont No. 18 BE 0020, 2019-Ohio-2711, ¶ 16.

**{¶11}** Regarding consecutive sentences, R.C. 2929.14(C)(4) states:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

> It has been held that although the trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words, there must be an indication that the court found (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Bellard*, 7th Dist. Mahoning No. 12-MA-97, 2013-Ohio-2956, ¶ 17. The court need not give its reasons for making those findings however. *State v. Power*, 7th Dist. Columbiana No. 12 CO 14, 2013-Ohio-4254, ¶ 38. A trial court must make the consecutive sentence findings at the sentencing hearing and must additionally incorporate the findings into the sentencing entry. *State v. Williams*, 7th Dist. Mahoning No. 13-MA-125, 2015-Ohio-4100, ¶ 33-34, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

*State v. Thomas*, 7th Dist. Mahoning No. 18 MA 0025, 2020-Ohio-633, ¶ 41.

**{¶12}** On February 17, 2021, the trial court held a sentencing hearing pursuant to R.C. 2929.19 and filed a sentencing entry the next day. In his direct appeal, this court stated:

> On February 18, 2021, the trial court consecutively sentenced Appellant based upon his previously entered guilty plea to 36 months on count two, tampering with evidence, 36 months on amended count four, possession of heroin, and 12 months on count five, possession of cocaine, for a total of seven years in prison.

> * * *

> [Regarding his guilty plea and sentence,] Appellant was indicted on five counts, retained his initial trial counsel, and pled not guilty. Appellant later

withdrew his not guilty plea and pled guilty to three counts: count two, tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1)(B); an amended count four, possession of heroin, a felony of the third degree, in violation of R.C. 2925.11(A)(C)(6)(c); and count five, possession of cocaine, a felony of the fifth degree, in violation of R.C. 2925.11(A)(C)(4)(a). The trial court accepted Appellant's guilty plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11 and dismissed counts one and three. Thus, Appellant's decision to enter a guilty plea to three of the five counts was a tactical decision made by him with the advice of his initial trial counsel, which resulted in a sentencing benefit to him as he faced more years in prison. *See* [*State v.*] *Gawron,* [7th Dist. Belmont No. 20 BE 0009, 2021-Ohio-3634,] at ¶ 94.

* * *

Prior to the current proceeding, Appellant had numerous misdemeanor and felony offenses beginning in 2004. Again, the PSI includes all of Appellant's offenses which span three pages in length.

*Brown, supra,* at ¶ 11, 16, 19.

**{¶13}** The record in this case reflects the trial court considered R.C. 2929.11, 2929.12, 2929.13, 2929.14, and the PSI. Specifically, the court "considered the record, oral statements, the pre-sentence report, as well as the principles and purposes of sentencing under R.C. 2929.11 and has balanced the seriousness and recidivism factors under R.C. 2929.12." (2/18/2021 Sentencing Entry, p. 1). The court found that certain factors contained in R.C. 2929.12(B) and (D) apply to Appellant:

(1) As an adult, Defendant has a criminal history which includes: Drug Possession; Failure to Comply with Order or Signal of Police Office[r] (F3); Attempted Trafficking; Two (2) counts of Disorderly Conduct; Three (3) counts of Trafficking Offense[s]; Three (3) counts of Possessing Criminal Tools; Three (3) counts of Drug Possession; Resisting Arrest; Drug Abuse;

Dangerous Drugs; Attempted Having Weapons Under Disability; Carrying Concealed Weapons; Having Weapons While Under Disability; Possession of Deadly Weapon in School Safety Zone;

(2) Defendant has not responded to sanctions previously imposed; and

(3) Defendant has an established criminal history, resulting in escalating criminal activity without "good faith" treatment and/or an effort to change his lifestyle.

(2/18/2021 Sentencing Entry, p. 2).

{¶14} The court further stated:

In accord with R.C. 2929.14(C)(4), the Court finds that a consecutive sentence is necessary to protect the public from future crime and to punish the offender, and consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger this offender poses to the public. *The Court specifically finds that imposition of consecutive sentences is reasonable and appropriate, The Court further finds that consecutive sentences are necessary to protect the public from future crimes. The Court further finds that the harm to the victim was so great that a single term does not adequately reflect the seriousness of Defendant's conduct and that consecutive sentences are necessary to protect the public from future crimes by this offender and by others.* (Emphasis sic).

(2/18/2021 Sentencing Entry, p. 3).

{¶15} Appellant was sentenced to maximum terms of 36 months for the third degree felony counts, tampering with evidence in violation of R.C. 2921.12(A)(1)(B), and possession of heroin in violation of R.C. 2925.11(A)(C)(6)(c). Thus, Appellant's sentences are within the statutory ranges for the third-degree felony offenses. R.C. 2929.14(A)(3)(b) ("For a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months.") Appellant was also sentenced to a

maximum term of 12 months for the fifth degree felony count, possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(a). Thus, Appellant's sentence is also within the statutory range for the fifth-degree felony offense. R.C. 2929.14(A)(5) ("For a felony of the fifth degree, the prison term shall be a definite term of six, seven, eight, nine, ten, eleven, or twelve months.")

**{¶16}** Because the trial court had full discretion to impose any sentence within the authorized statutory ranges, and Appellant's maximum terms are within the authorized statutory ranges for third and fifth-degree felonies, his consecutive sentence is not contrary to law. *See* R.C. 2929.14; *Burkhart, supra*, at ¶ 16. Also, because the offenses were committed separately and with a separate animus or motivation, the trial court did not err in failing to merge the convictions. *See, e.g., State v. Coffman*, 12th Dist. Butler No. CA2015-01-014, 2015-Ohio-2990, ¶ 24. Therefore, we fail to see any ineffective assistance of appellate counsel warranting a reopening.

**{¶17}** For the foregoing reasons, Appellant has failed to comply with the requirements set forth in App.R. 26(B) and has failed to present issues that establish a colorable claim of ineffective assistance of appellate counsel.

**{¶18}** Accordingly, Appellant's pro se App.R. 26(B) application for reopening is hereby denied.


**JUDGE DAVID A. D'APOLITO**


**JUDGE GENE DONOFRIO**


**JUDGE CAROL ANN ROBB**


<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**


<u>Case No. 21 BE 0012</u>