[Cite as *State v. Brown*, 2022-Ohio-2645.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellant,

v.

ROY WILTON BROWN,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 BE 0012**

---

Motion for Reopening

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. J. Kevin Flanagan,* Belmont County Prosecutor, and *Atty. Daniel P. Fry,* Assistant Prosecuting Attorney, 52160 National Road, St. Clairsville, Ohio 43950, for Plaintiff-Appellee (No Response Filed) and

*Roy Wilton Brown,* Pro Se, Lebanon Correctional Institution, P.O. Box 56, Lebanon, Ohio 45036, Defendant-Appellant.

Dated: June 30, 2022

**PER CURIAM.**

**{¶1}** By way of background, on April 18, 2022, Appellant, Roy Wilton Brown, filed his first pro se App.R. 26(B) application to reopen his direct appeal in *State v. Brown*, 7th Dist. Belmont No. 21 BE 0012, 2022-Ohio-893.

**{¶2}** Appellant was consecutively sentenced to seven years in prison for tampering with evidence, possession of heroin, and possession of cocaine following a guilty plea. In Appellant's direct appeal, appellate counsel raised two assignments of error: (1) that the trial court erred in denying Appellant's pre-sentence motion to withdraw his guilty plea following a hearing on the basis that his initial retained trial counsel's assistance was ineffective; and (2) that Appellant's second retained trial counsel (counsel that filed and argued his motion to withdraw guilty plea) also rendered ineffective assistance. *Id.* at ¶ 1. This court found no merit in either argument and affirmed the trial court's judgment on March 21, 2022. *Id.* at ¶ 28.

**{¶3}** Although Appellant's April 18, 2022 first application for reopening was timely filed, this court found, on May 31, 2022, that he failed to meet the standard for reopening the appeal. *State v. Brown*, 7th Dist. Belmont No. 21 BE 0012, 2022-Ohio-1917, ¶ 3; *Brown,* 2022-Ohio-893; App.R. 26(B)(1) and (2)(b); *State v. Romeo*, 7th Dist. Mahoning No. 14 MA 0060, 2018-Ohio-2482, ¶ 6.

**{¶4}** In his first application for reopening, Appellant took issue with his consecutive sentence, namely arguing that his appellate counsel was ineffective because his sentence should have ran concurrently. (4/18/2022 Appellant's First Application for Reopening, p. 2-3). Regarding Appellant's first application, this court held:

> Because the trial court had full discretion to impose any sentence within the authorized statutory ranges, and Appellant's maximum terms are within the authorized statutory ranges for third and fifth-degree felonies, his consecutive sentence is not contrary to law. *See* R.C. 2929.14; [*State v.*] *Burkhart,* [7th Dist. Belmont No. 18 BE 0020, 2019-Ohio-2711,] ¶ 16. Also, because the offenses were committed separately and with a separate animus or motivation, the trial court did not err in failing to merge the convictions. *See, e.g., State v. Coffman*, 12th Dist. Butler No. CA2015-01-

014, 2015-Ohio-2990, ¶ 24.  Therefore, we fail to see any ineffective assistance of appellate counsel warranting a reopening.

*Brown*, 2022-Ohio-1917, ¶ 16.

**{¶5}**  Thus, because Appellant failed to comply with the requirements set forth in App.R. 26(B) and failed to present issues that establish a colorable claim of ineffective assistance of appellate counsel, this court denied his first App.R. 26(B) application for reopening.  *Id.* at ¶ 17-18.

**{¶6}**  Presently before us is Appellant's pro se "Objection and Reconsideration" filed on June 10, 2022.  In his current application, which this court construes as his second pro se App.R. 26(B) application to reopen his direct appeal in *Brown*, 2022-Ohio-893, Appellant again takes issue with his consecutive sentence, namely arguing that his appellate counsel was ineffective because his sentence should have ran concurrently. (6/10/2022 Appellant's Second Application for Reopening, p. 1-2).  Appellant concludes by "humbly request[ing] a reopening on the merits contained in [his] motion."  (*Id.* at p. 3).

**{¶7}**  Appellant is attempting for the second time to reopen the judgment rendered by this court in *Brown*, 2022-Ohio-893.  Appellant again fails to comply with the requirements set forth in App.R. 26(B) and fails to present issues that establish a colorable claim of ineffective assistance of appellate counsel.  Furthermore, Appellant's arguments were either raised or could have been raised in his prior reopening and, thus, are barred by the doctrine of res judicata.  *Brick Processors, Inc. v. Culbertson*, 2 Ohio App.3d 478, paragraph one of the syllabus, 442 N.E.2d 1313 (8th Dist.1981).  Also, we find no case authority authorizing a party to file successive applications for reopening and/or reconsiderations of applications for reopening.

**{¶8}**  Accordingly, Appellant's pro se "Objection and Reconsideration," construed by this court as Appellant's second pro se App.R. 26(B) application for reopening, is hereby denied.

**JUDGE DAVID A. D'APOLITO**

**JUDGE GENE DONOFRIO**

**JUDGE CAROL ANN ROBB**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**