JOURNAL ENTRY AND OPINION
{¶ 1} On January 24, 2006, the applicant, Jose Rosado, pursuant to App.R. 26(B), applied to reopen this court's judgment in State v. Jose Rosado, Cuyahoga App. No. 83694,2005-Ohio-6626, in which this court affirmed Rosado's convictions for two counts of possession of drugs and one count of possession of criminal tools but reversed and remanded for resentencing because the trial court did not advise him that he would be subject to post-release control. Although the State never filed a response, for the following reasons this court denies the application.
 {¶ 2} The grand jury indicted Rosado for possession of over 113 grams of crack cocaine, a first degree felony, and for possession of 337 grams of powder cocaine, a second degree felony, both with major drug offender specifications, as well as the count for possession of criminal tools. Rosado was convicted of these charges. The trial judge sentenced him to a ten-year sentence for the crack cocaine charge, five years on the powder cocaine charge, and twelve months for possession of criminal tools, to be served concurrently. The trial judge declined the opportunity to sentence Rosado to additional time pursuant to the major drug offender specifications.
 {¶ 3} On appeal, his counsel argued (1) ineffective assistance of trial counsel for conflict of interest and falling asleep, (2) insufficiency of the evidence, and (3) manifest weight. Rosado now maintains that his appellate counsel was ineffective for not arguing that (1) the trial court erred in imposing a maximum sentence of ten years without the statutory findings in violation of R.C. 2929.11 to R.C. 2929.19 and (2) the trial court erred in abandoning a statutory presumption of a minimum sentence for first time offenders in violation of R.C.2929.14(B).
 {¶ 4} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington
(1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052; State v.Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 5} In Strickland, the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'"Strickland, 104 S.Ct. at 2065.
 {¶ 6} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted, "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308, 3313. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen,77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638, and State v.Tenace, 109 Ohio St.3d 451, 2006-Ohio-2987.
 {¶ 7} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
 {¶ 8} In the present case, Rosado's arguments on ineffective assistance of appellate counsel are not well taken. He is unable to show prejudice. R.C. 2925.11(C)(4)(f) provides in pertinent part as follows: "If the amount of the drug involved equals or exceeds * * * one hundred grams of crack cocaine, possession of cocaine is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree * * *." R.C. 2929.14(A)(1) prescribes that the maximum term for a first degree felony is ten years. Therefore, the statutes required the trial judge to sentence Rosado to a minimum term of ten years for the first degree felony drug charge. These specific statutory provisions superceded the other sentencing provisions such as the presumption of a minimum sentence for a first time offender and the need for findings of fact in imposing a maximum sentence. Once convicted of the crack cocaine charge, Rosado was going to serve ten years regardless of what the other sentences would be. Because he serves them concurrently, there is no prejudice, and his appellate counsel in the exercise of professional judgment could properly reject these arguments.
 {¶ 9} Furthermore, res judicata properly bars this application. See, generally, State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104. Res judicata prevents repeated attacks on a final judgment and applies to all issues which were or might have been litigated. In State v. Murnahan (1992),63 Ohio St.3d 60, 584 N.E.2d 1204, the supreme court ruled that res judicata may bar a claim of ineffective assistance of appellate counsel unless circumstances render the application of the doctrine unjust.
 {¶ 10} In the present case, Rosado filed his own appeal to the Supreme Court of Ohio, which denied his appeal. This court has consistently held that such appeals bar claims of ineffective assistance of appellate counsel based on the principles of res judicata. State v. Kaszas (Sept. 21, 1998), Cuyahoga App. Nos. 72546 and 72547, reopening disallowed (Aug. 14, 2000), Motion No. 16752; State v. Bussey (Dec. 2, 1999), Cuyahoga App. No. 75301, reopening disallowed (Aug. 8, 2000), Motion No. 16647 and Statev. Bluford (Dec. 9, 1999), Cuyahoga App. No. 75228, reopening disallowed (May 31, 2000), Motion No. 15241. The application of the doctrine in this case would not be unjust.
 {¶ 11} Accordingly, this court denies the application to reopen.
Cooney, P.J., concurs Kilbane, J., concurs.