[Cite as *State v. Brown*, 2014-Ohio-4831.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 11 MA 117 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| MILOUS BROWN | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:       Appellant's Application for Reopening

JUDGMENT:                                        Denied.

APPEARANCES:

For Plaintiff-Appellee:                        Atty. Paul J. Gains
                                                        Mahoning County Prosecutor
                                                        Atty. Ralph M. Rivera
                                                        Assistant Prosecuting Attorney
                                                        21 West Boardman Street, 6th Floor
                                                        Youngstown, Ohio  44503

For Defendant-Appellant:                  Milous Brown, Pro se
                                                        #603-569
                                                        Belmont Correctional Institution
                                                        P.O. Box 540
                                                        St. Clairsville, Ohio  43950

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

                                                        Dated:  October 24, 2014

PER CURIAM.

{¶1} On March 5, 2014, Appellant Milous Brown filed an application to reopen *State v. Brown*, 7th Dist. No. 11 MA 117, 2013-Ohio-5528, in which we affirmed Appellant's convictions on gross sexual imposition. Appellant was originally indicted for sexually oriented offenses against three different minor children. Charges included one count each of gross sexual imposition against Minor Child X, then five years old and Minor Child Y, then four years old, and one count of rape involving another child. Prior to trial the gross sexual imposition and rape counts were severed, to be tried separately. There are several details that emerged during Appellant's trial that are particularly relevant to Appellant's application for reopening and can be found in our Opinion in his underlying appeal.

{¶2} Child X and Child Y are half siblings. As a result of Appellant's actions, custody of Child X was permanently changed and immediately following the disclosure of Appellant's actions this child was evaluated by medical professionals and began a course of treatment and counselling that was ongoing at the time of trial. The social worker who was assigned to investigate the allegations was given access to Child X and conducted a videotaped interview. The social worker and all evaluating and treating professionals testified at trial. Unlike Child X, Child Y remained in the home where the acts occurred. The social worker was initially given access to Child Y and conducted a thorough videotaped interview with the child in the days following the disclosure of sexual misconduct, but after that interview the child's mother refused to allow further access to the child. Child Y was not evaluated medically and did not receive treatment or counselling. Child Y did not testify at trial.

{¶3}   Appellant bases his timely request for reopening on App.R. 26(B)(1), which provides:

A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel.   An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

{¶4}   Under App.R. 26(B)(2), an application for reopening "shall contain all of the following":

(a)  The appellate case number in which reopening is sought and the trial court case number or numbers from which the appeal was taken;

(b)  A showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment.

(c)  One or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation;

(d)   A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments

of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record;

(e)    Any parts of the record available to the applicant and all supplemental affidavits upon which the applicant relies.

{¶5}    Although Appellant has filed a timely application for reopening that includes a sworn statement, Appellant has failed to provide the portions of the record on which he relies but cites throughout his application.  "App.R. 26(B)(2)(e) places the responsibility squarely upon the applicant to provide the court of appeals with such portions of the record as are available to him."  Where an applicant fails to do so, "his application [is] properly denied."  *State v. McNeill*, 83 Ohio St.3d 457, 459, 700 N.E.2d 613 (1998).  Appellant has not satisfied the requirements of App.R. 26(B)(2)(e).  Hence, we need not reach the merits of his arguments.  Even if Appellant had satisfied the requirements of App.R. 26, his application does not present the "colorable claim of ineffective assistance of counsel" necessary to demonstrate a genuine issue that merits reopening.  *State v. Sanders*, 75 Ohio St.3d 607, 607, 665 N.E.2d 199 (1996).

{¶6}    Appellant's underlying appeal contained three assignments of error. The first two challenged the sufficiency and the manifest weight of the evidence against him.  The third challenged the trial court's decision denying Appellant's motion for mistrial.  Appellant now presents three additional issues in his application

for reopening that he claims were not considered on appeal and which he frames as "assignments of error."

ASSIGNMENT OF ERROR NO. 1

Trial counsel provided ineffective assistance for the reasons listed below which violated the Appellants rights to a fair and impartial trial against the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

ASSIGNMENT OF ERROR NO. 2

The sufficiency and the weight of the evidence should be reviewed to the evidence actually presented at trial.

ASSIGNMENT OF ERROR NO. 3

The trial court was in error when it sentenced the appellant to the maximum term on each count and ran the terms consecutive.

{¶7} Appellant also raises appellate counsel's decision to withdraw after the matter had been fully briefed due to counsel's change of employment. *Brown*, *supra*. Appellant did not request oral argument. Appellant's arguments were completely presented to this Court before his counsel withdrew. Appellant was not prejudiced by counsel's withdrawal after fully preparing this matter for appeal but just prior to our actual decision.

{¶8} When evaluating the effectiveness of appellate counsel, we must determine whether counsel's performance fell below an objective standard of reasonableness and whether there is reasonable probability the result of the appeal

would have been different but for serious error. See *State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶10-11, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Appellant has the burden of demonstrating a "genuine issue" and establishing a "colorable claim" of ineffective assistance of appellate counsel. *Id.*at ¶11. When conducting this evaluation, we bear in mind that appellate counsel has discretion to choose the issues addressed and need not raise every possible issue in order to render constitutionally effective assistance. *State v. Tenace*, 109 Ohio St.3d 451, 2006-Ohio-2987, 849 N.E.2d 1, ¶7, citing *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Discretion is necessary, because an attempt to raise every conceivable issue in the limited page allowance can result in a dilution of the force of stronger arguments. *Id.* at 751-752. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal". *Id.* at 751. Counsel is entitled to strong deference in deciding a course of action, as there is a wide range of reasonable professional assistance. *State v. Smith*, 95 Ohio St.3d 127, 2002-Ohio-1753, 766 N.E.2d 588, ¶8.

{¶9} To the extent that Appellant bases his claim on trial counsel's alleged failure to accumulate exculpatory evidence through interview and investigation, Appellant mistakes our role and the nature of his application for reopening. It is well-established that appellate counsel cannot add material to the record that was not part of the record before the trial court. *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. Our role is limited to reviewing what actually transpired in the trial court as reflected in that record. *Id.* A claim regarding failure to

present mitigation evidence on appeal that requires the generation or consideration of evidence outside the record cannot be raised on direct appeal. *State v. Keith*, 79 Ohio St.3d 514, 536, 684 N.E.2d 47 (1997); see also *State v. Adams*, 7th Dist. No. 08MA246, 2012-Ohio-2719, ¶67-68 (evidence *de hors* the record cannot be added on appeal and thus appellate counsel was not ineffective in failing to brief an issue that required evidence outside of the record). Appellant is claiming for the first time in his application for reopening that Child Y, who was four years old when the misconduct was revealed, would deny that the acts occurred and was available as an alibi witness. Apart from the evidence in the trial court record that directly contradicts this statement and the evidence concerning Child Y's experiences prior to trial that raise serious questions about his current claim, neither a direct appeal nor an application for reopening can be used to address information *de hors* the record. It is impossible to conclude that appellate counsel was ineffective for failing to raise an issue that could not be resolved in a direct appeal.

{¶10} Appellant's second proposed assignment of error was fully addressed by our analysis of the first and second assignments of error in his underlying appeal. As we explained in ¶14-15 of our Opinion:

Appellant's arguments in support of his first and second assignments of error do not address the sufficiency or weight of the evidence actually presented at trial, but instead seek to undermine the quality of the underlying investigation. Our role on appeal, however is to address the evidence presented at trial. In this matter, the jury heard testimony from Child X, her older sister, Child X's father Marco, his former

girlfriend, the Child and Family Services Investigator, Child X's counselor and the examining physician. Each witness was able to separately discuss both what they heard from the children, the father, and the sister, as well as what they themselves had observed. Most importantly, Child X testified specifically as to the conduct that satisfied each element of the offense and was subjected to cross-examination on those issues. Appellant had every opportunity to advance his theory that Child X's father created and manipulated the situation to further his goal of obtaining custody of Child X, and the jury heard that theory, beginning with opening statements, throughout the case. Appellant's theory of his defense does not alter the fact that the testimony presented at trial, if believed, clearly established each element of the offenses charged and thus was sufficient to convict.

***

On review, the jury's verdict will not be disturbed where, as here, there is probative evidence in the record which goes to all of the elements of the crime and which, if believed, would convince the average mind beyond a reasonable doubt of the guilt of the accused. *Jenks* and *Barnhart*, *supra*.

{¶11} Again, Appellant's second proposed assignment of error is not supported by any reference to the record. As such, it is not properly before us now. Nevertheless, these issues were completely addressed in our original Opinion.

**{¶12}** Appellant's third assignment of error is likewise not properly supported. Even if Appellant had provided the necessary material, his argument is not based on any law applicable to his sentence. He cites *State v. Kershaw*, 132 Ohio App.3d 243, 724 N.E.2d 1176 (1999), which addresses the introduction of inappropriate information concerning gender and race considered by the sentencing court. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, concerns impermissible judicial fact-finding. Neither applies to Appellant's case. Appellant has not provided the portions of the record on which he relies and has not presented new or different arguments aside from those presented and fully evaluated in his original appeal.

**{¶13}** Appellant has failed to comply with App.R. 26 and has failed to present material establishing a colorable claim of ineffective assistance of counsel. *Sanders, supra.* For these reasons, Appellant's application for reopening is denied. Appellant's motion for clarification is made moot by our decision to deny his application for reopening. No further ruling is necessary.

Waite, J., concurs.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.