[Cite as *State v. Green*, 2014-Ohio-5051.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 12 MA 226 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| SHAWN N. GREEN | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:      Appellant's Application for Reopening
                               Case No. 12 CR 299

JUDGMENT:                      Denied.

APPEARANCES:

For Plaintiff-Appellee:        Atty. Paul J. Gains
                               Mahoning County Prosecutor
                               Atty. Ralph M. Rivera
                               Assistant Prosecuting Attorney
                               21 West Boardman Street, 6th Floor
                               Youngstown, Ohio  44503

For Defendant-Appellant:       Shawn N. Green, Pro se
                               #633-157
                               Belmont Correctional Institution
                               P.O. Box 540
                               St. Clairsville, Ohio  43950

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                               Dated:  November 7, 2014

PER CURIAM.

**{¶1}** On May 5, 2014, Appellant, Shawn N. Green, filed an application to reopen judgment in *State v. Green*, 7th Dist. No. 12 MA 226, 2014-Ohio-648. In our decision, we affirmed Appellant's convictions on felonious assault, assault, resisting arrest, and possession of cocaine. Appellant bases his timely request for reopening on App.R. 26(B)(1), which provides:

> A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

**{¶2}** Appellant's appeal focused on the trial court's decision to admit security footage from the bar where the incidents occurred. Appellant now argues that appellate counsel was deficient in failing to interview and investigate and in failing to challenge the officers' compliance with R.C. 2935.07.

**{¶3}** When evaluating the effectiveness of appellate counsel, we must determine whether counsel's performance fell below an objective standard of reasonableness and whether there is reasonable probability the result of the appeal would have been different but for serious error. See *State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶10-11, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Appellant has the

burden of demonstrating a "genuine issue" and establishing a "colorable claim" of ineffective assistance of appellate counsel. *Id.*at ¶11.

**{¶4}** When conducting this evaluation, we bear in mind that appellate counsel has discretion to choose the issues addressed and need not raise every possible issue in order to render constitutionally effective assistance. *State v. Tenace*, 109 Ohio St.3d 451, 2006-Ohio-2987, 849 N.E.2d 1, ¶7, citing *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Discretion is necessary, because an attempt to raise every conceivable issue in the limited page allowance can result in a dilution of the force of stronger arguments. *Id.* at 751-752. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal". *Id.* at 751. Counsel is entitled to strong deference in deciding a course of action as there is a wide range of reasonable professional assistance. *State v. Smith*, 95 Ohio St.3d 127, 2002-Ohio-1753, 766 N.E.2d 588, ¶8.

**{¶5}** To the extent that Appellant bases his claim on appellate counsel's alleged failure to accumulate exculpatory evidence through interview and investigation, Appellant mistakes the role of appellate counsel and of this Court. It is well-established that appellate counsel cannot add material to the record that was not part of the record before the trial court. *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. Our review is limited to reviewing what actually transpired in the trial court as reflected in that record. *Id.* A claim regarding failure to present mitigation evidence that requires the generation or consideration of evidence

outside the record cannot be raised on direct appeal. *State v. Keith*, 79 Ohio St.3d 514, 536, 684 N.E.2d 47 (1997); see also *State v. Adams*, 7th Dist. No. 08MA246, 2012-Ohio-2719, ¶67-68 (evidence de hors the record cannot be added on appeal and thus appellate counsel was not ineffective in failing to brief an issue that required evidence outside of the record). It is impossible to conclude that appellate counsel was ineffective for failing to attempt to introduce material de hors the record.

**{¶6}** Appellant's argument under R.C. 2935.07 is similarly inapposite. R.C. 2935.07 provides:

> **Person arrested without warrant shall be informed of cause of arrest.**
>
> When an arrest is made without a warrant by an officer, he shall inform the person arrested of such officer's authority to make the arrest and the cause of the arrest.
>
> When an arrest is made by a private person, he shall, before making the arrest, inform the person to be arrested of the intention to arrest him and the cause of the arrest.
>
> When a person is engaged in the commission of a criminal offense, it is not necessary to inform him of the cause of his arrest.

Appellant mistakes the requirements of a private person attempting to utilize arrest powers with the requirements for a police officer to make an arrest. R.C. 2935.07. Appellate counsel is not deficient for omitting an argument that has no basis in law;

there is no requirement that a police officer inform an arrestee of the charge prior to attempting an arrest. R.C. 2935.07.

**{¶7}** It is clear that Appellant's application for reopening is based upon a misunderstanding of the applicable law. As a result, it does not demonstrate ineffective assistance of appellate counsel. Appellant's application for reopening is denied.

Waite, J., concurs.

Donofrio, J., concurs.

Vukovich, J., concurs.