[Cite as *State v. Olman*, 2022-Ohio-4678.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CHARLES OLMAN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 BE 0034**

---

Application to Reopen

**BEFORE:**
Carol Ann Robb, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. J. Kevin Flanagan,* Belmont County Prosecutor, 52160 National Road, St. Clairsville, Ohio 43950 for Plaintiff-Appellee,

*Charles Olman, pro se*, 5900 B. I. S. Rd., S.W., Lancaster, Ohio 43130 Defendant-Appellant.

**Dated:** December 22, 2022

**PER CURIAM.**

{¶1}    Appellant, Charles Olman, seeks to reopen his direct criminal appeal under App.R. 26(B).  Appellee, the state of Ohio, has not filed a response.  For the following reasons, Olman's application is denied.

{¶2}    Appellant was convicted of two counts of rape of a minor less than ten years old in violation of R.C. 2907.02(A)(1)(b) in the Belmont County Court of Common Pleas. The evidence presented during his jury trial established Appellant's ex-girlfriend's child made sexual abuse allegations about Appellant.  The victim's recorded interviews describing the sexual abuse were played at trial.  The victim likewise testified and described the offenses during trial, and she identified Appellant as the individual who committed these offenses against her.

{¶3}    On appeal, Appellant raised eight assignments of error, including arguments about the weight and sufficiency of the evidence; an expert's credentials; ineffective assistance of trial counsel for failing to object; Appellant's right to confront witnesses testifying via live remote videoconference; the admission of other acts evidence; an alleged failure to give an instruction on a lesser included offense; and certain statements made during the sentencing hearing.  On June 30, 2022, we affirmed his convictions, concluding each of his arguments lacked merit.  *State v. Olman*, 7th Dist. Belmont No. 21 BE 0034, 2022-Ohio-2647.

{¶4}    Appellant filed his timely application for reopening September 21, 2022 and identifies three assignments of error, which he believes his appellate counsel should have raised in his direct appeal.

<u>Standard of Review</u>

{¶5}    A criminal defendant may apply for reopening of his direct appeal based on a claim of ineffective assistance of appellate counsel by raising an assignment of error (or an argument in support of an assignment of error) that previously was not considered on the merits (or that was considered on an incomplete record) because of appellate counsel's allegedly deficient representation. App.R. 26(B)(1), (B)(2)(c).

**{¶6}** "An application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

**{¶7}** Appellant's burden per App.R. 26(B) is to show there is a genuine issue as to whether he was deprived of the effective assistance of appellate counsel; an appellant is not required to conclusively establish ineffective assistance of appellate counsel. *State v. Leyh*, 166 Ohio St.3d 365, 2022-Ohio-292, 185 N.E.3d 1075. Thus, when addressing an application to reopen, we consider the two-part test for ineffective assistance of counsel upon considering whether there is a genuine issue as to whether counsel's performance was deficient and resulting prejudice. *State v. Tenace*, 109 Ohio St.3d 451, 2006-Ohio-2987, 849 N.E.2d 1, ¶ 5, applying *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). If there is no genuine issue regarding whether counsel's performance was deficient, then there is no need to review for prejudice and vice versa. *Id.*

**{¶8}** In evaluating whether appellate counsel was deficient, our review is highly deferential to counsel's decisions because there is a strong presumption counsel's conduct was within the wide range of reasonable professional assistance. *State v. Bradley*, 42 Ohio St.3d 136, 142-143, 538 N.E.2d 373 (1989) (there are "countless ways to provide effective assistance in any given case"), citing *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. Courts should not second-guess an attorney's strategic decisions. *State v. Carter*, 72 Ohio St.3d 545, 558, 651 N.E.2d 965 (1995).

**{¶9}** Regarding the prejudice prong, a lawyer's errors must be so serious that there is a reasonable probability the result of the proceedings would have been different. *Id.* A finding of prejudice from defective representation justifies reversal only if the results were unreliable or the proceeding was fundamentally unfair due to counsel's performance. *Id.* citing *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838 (1993).

**{¶10}** Moreover, in this context, we must be cognizant that appellate counsel has wide discretion to choose the errors to be raised on appeal and focus on the arguments counsel perceived as the strongest. *Tenace*, 109 Ohio St.3d 451, 849 N.E.2d 1, ¶ 7. "Experienced advocates since time beyond memory have emphasized the importance of

winnowing out weaker arguments on appeal" to avoid diluting the force of stronger arguments. *Jones v. Barnes*, 463 U.S. 745, 751-752, 103 S.Ct. 3308 (1983).

**{¶11}** Each proposed assignment alleges appellate counsel was ineffective for failing to raise ineffective assistance of counsel as to his trial attorney. Appellant was represented by a different attorney on appeal than at trial.

<u>Appellant's Proposed Assignments of Error</u>

**{¶12}** Appellant's first proposed assignment of error claims:

"Appellate counsel was ineffective for failing to raise the issue that trial counsel was ineffective for failing to raise the issue that the state never provided a bill of particulars, prior to Defendant/Appellant's trial in violation of Appellant's right to due process under the Sixth Amendment to the United States Constitution."

**{¶13}** This argument contends his trial counsel never provided Appellant with the bill of particulars; never provided Appellant an opportunity to "peruse any of the State's evidence"; and failed to give him a specific time range of when the offenses occurred other than a three-year period, which he claims was insufficient. Appellant asserts he was prejudiced as a result without specifying *how* he was prejudiced.

**{¶14}** Regardless of Appellant's failure to identify specific resulting harm, the record confirms the state provided his trial counsel with a bill of particulars. On May 18, 2021, the state filed its Response to Defendant's Request for Discovery. Attached to this filing is the state's bill of particulars. Because the state provided the bill of particulars, which is part of the record, his proposed assigned error lacks merit.

**{¶15}** Further, whether Appellant's trial counsel provided *him* with this information is not of record, and is not before this court for review. As an appellate court, our role is limited to reviewing what actually transpired in the trial court as reflected in the record. *State v. Ishmail,* 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus; *State v. Brown*, 7th Dist. Mahoning No. 11 MA 117, 2014-Ohio-4831, ¶ 9.

**{¶16}** Moreover, Appellant's challenge is similar to one actually raised via his direct appeal. In his second assignment of error, we considered a comparable issue when addressing his insufficient evidence argument. We explained:

> Appellant was charged and convicted of two counts of rape of a minor less
> than ten years old in violation of R.C. 2907.02(A)(1)(b) and R.C.

2907.02(B). Thus, the state was required to establish when the rapes occurred to establish the victim's age at the time of the offense in order to establish rape in violation of R.C. 2907.02(A)(1)(b). The date of the offenses, actual or approximate, is not an element of the charged crimes.

*Olman*, *supra*, at ¶ 41.

**{¶17}** Based on the foregoing, Appellant's first proposed assignment fails to show a genuine issue as to the denial of effective assistance of appellate counsel.

**{¶18}** Appellant's second proposed assignment of error claims:

"Appellate counsel was ineffective for failing to raise the issue that trial counsel was ineffective for failing to raise the issue that the state committed prosecutorial misconduct."

**{¶19}** This proposed assigned error consists of four reasons why his trial counsel was allegedly ineffective, which his appellate counsel failed to raise. First, Appellant claims his trial counsel was ineffective based on the alleged failure to object to the state's failure to file Dr. Teoli's expert witness report. As a result, he claims he was denied the opportunity to fully rebut this witnesses' testimony.

**{¶20}** Contrary to Appellant's argument, however, Dr. Teoli was the victim's counselor, who testified as a fact witness. Because she did not testify as an expert, the state was not required to comply with the Crim.R. 16(K) requirements. Moreover, nothing in Crim.R. 16(K), *Expert Witnesses; Reports,* requires a report to be filed with the clerk of courts; the rule requires disclosure. *Id.* Thus, Appellant's proposed argument fails to present a colorable claim of ineffective assistance for these reasons.

**{¶21}** Second, Appellant contends he was deprived the effective assistance of trial counsel based on his attorney's alleged failure to bring to the court's attention that the two identification witnesses were lying. He claims the state offered perjured testimony by presenting the testimony of Adrienne Nelson and Cody Porter.

**{¶22}** Appellant contends Nelson and Porter were lying during their testimony here because Appellant was not charged with a crime after an investigation in West Virginia stemming from their accusations against him. He also claims their testimony during trial is different than their statements made 25 years before in West Virginia.

{¶23} However, what Nelson and Porter allegedly said in a prior investigation is not before this court. And as stated, information which is de hors the record cannot be the basis for a decision to grant an application for reopening a direct appeal. *See State v. Hartman,* 93 Ohio.St.3d 274, 299, 754 N.E.2d 1150 (2001).

{¶24} Appellant also claims the victim was lying based on her alleged lack of testimony about whether he spit during the offenses. Contrary to Appellant's argument, however, while recounting the victim's testimony, we noted the victim "described Appellant putting his fingers to his mouth and putting spit on * * * his penis, before putting it in her. (Tr. 559-563.)" *Olman, supra,* at ¶ 16.

{¶25} Third, Appellant asserts he was deprived the effective assistance of trial counsel based on his attorney's alleged failure to object to prosecutorial statements about violence in the home and the children's fear of Appellant. He claims there was no evidence showing there was violence in the home, and thus, his attorney should have objected to the prosecution's statement.

{¶26} We disagree. In our June 2022 opinion, we noted in part, "both children indicated there was physical abuse between their mother and Appellant * * *." *Olman, supra,* at ¶ 6. Thus, this argument fails to identify an issue that should have been raised in Appellant's direct appeal and does not show Appellant's trial counsel's performance was deficient.

{¶27} Fourth, Appellant claims his trial counsel was deficient because counsel failed to advise the court about exculpatory evidence prior to trial. Appellant contends there was an additional recorded interview of the victim, which was not played at trial. Appellant does not indicate what this additional interview would have shown had it been played at trial. Moreover, this argument likewise relies on evidence outside the record and not within this court's scope of review. *Id.*

{¶28} Appellant also claims the state withheld exculpatory evidence, including evidence showing the victim was bribed with candy and a cell phone. These allegations, however, were in evidence before the jury for it to consider. When summarizing the evidence, we stated one defense witness stated during her testimony "she recorded in one of her notes that T.F. was in a good mood on September 25, 2020 because her mom got her a new phone and gave her a candy bar." *Olman, supra,* at ¶ 19.

Case No. 21 BE 0034

**{¶29}** We also recognized the defense argument that the person referred to as "daddy Chris" committed these offenses, not Appellant, and T.F.'s mother bribed her with a candy bar and cell phone to blame Appellant. *Id.* at 31. Thus, this argument does not show reopening is warranted.

**{¶30}** As for Appellant's contention there was undisclosed exculpatory evidence consisting of Nelson's and Porter's prior statements, as well as certain exculpatory phone records, recordings, and Facebook posts, whether these items exist and are exculpatory are matters not established by the trial court record. Thus, this argument is not one subject to direct appellate review. *State v. Hartman,* 93 Ohio.St.3d 274, 299, 754 N.E.2d 1150 (2001) (if establishing ineffective assistance of counsel requires proof outside the record, then such claim should not be considered on direct appeal).

**{¶31}** Accordingly, these arguments do not demonstrate there is a "genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

**{¶32}** Appellant's third proposed assignment of error claims:

"Appellate counsel was ineffective for failing to raise the issue that the evidence was insufficient to sustain a conviction for rape and for not challenging all elements necessary for a conviction."

**{¶33}** Appellant urges us to find his appellate counsel should have challenged all elements of his conviction, not just the age of the victim and date of the offenses, under his second assignment of error raising insufficient evidence. As he argues, we limited our review under this assignment of error in his direct appeal to the age of the victim and the date of the offenses consistent with the arguments. *Olman*, *supra*, at ¶ 40. However, Appellant does not now identify what elements of his offenses were unestablished at trial and does not point to any evidentiary shortcomings warranting reversal.

**{¶34}** Moreover, Appellant also fails to recognize that under his first assigned error in his direct appeal, his attorney challenged the manifest weight of the evidence supporting his rape convictions. Under his first assignment, we examined the victim's trial testimony; her statements made during her therapy sessions and relayed during trial by her caseworker and therapist; and her use of dolls and drawings to demonstrate what Appellant did to her. Based on the evidence, we concluded Appellant's two rape

convictions of a minor less than ten years old were not against the manifest weight of the evidence. *Id.* at ¶ 28-36. Numerous courts, including this one, have held a court's conclusion finding an offense is not against the manifest weight of the evidence necessarily includes a finding the charged offense is supported by sufficient evidence. *State v. McCrary*, 10th Dist. Franklin No. 10AP-881, 2011-Ohio-3161; *In re G.H.*, 11th Dist. Lake No. 2015-L-037, 2015-Ohio-5339, ¶ 20; *State v. LaFever*, 7th Dist. Belmont No. 02 BE 71, 2003-Ohio-6545, ¶ 10; *State v. Olah*, 146 Ohio App.3d 586, 597, 767 N.E.2d 755 (9th Dist. 2001).

**{¶35}** Accordingly, this proposed assignment of error does not show there is a "genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

Conclusion

**{¶36}** For the foregoing reasons, none of Appellant's proposed assigned errors demonstrates that reopening is warranted. Appellant's application for reopening is denied.

**JUDGE CAROL ANN ROBB**

**JUDGE GENE DONOFRIO**

**JUDGE CHERYL L. WAITE**

**NOTICE TO COUNSEL**

**This document constitutes a final judgment entry.**