[Cite as *State v. Graham*, 2023-Ohio-1453.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ISRAEL GRAHAM,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 MA 0060**

---

Application to Reopen

**BEFORE:**
Carol Ann Robb, David A. D'Apolito, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Gina DeGenova,* Mahoning County Prosecutor, *Atty. Edward A. Czopur,* Assistant Prosecutor, Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503 for Plaintiff-Appellee and

*Israel J. Graham, pro se*, Mansfield Correctional Institute, P.O. Box 788, Mansfield, Ohio 44901, Defendant-Appellant.

**Dated: April 27, 2023**

**PER CURIAM.**

{¶1} Defendant-Appellant Israel Graham seeks to reopen his appeal to raise additional assignments of error. For the following reasons, the application to reopen is denied.

{¶2} A jury in the Mahoning County Common Pleas Court found Appellant guilty of aggravated robbery, three counts of kidnapping, and safecracking. The judge found him guilty of having a weapon while under disability. On appeal, Appellant was provided new counsel who filed a brief setting forth five assignments of error (some containing multiple issues). We sustained the first assignment of error, reversing and remanding the conviction for having a weapon while under disability due to the issue counsel raised with the insufficient jury waiver. We affirmed Appellant's other convictions after overruling arguments on accomplice instruction, sufficiency of the evidence, weight of the evidence, effectiveness of trial counsel, and merger before sentencing. *State v. Graham*, 7th Dist. Mahoning No. 21 MA 0060, 2022-Ohio-4752.

{¶3} On March 22, 2023, Appellant filed a timely application to reopen the appeal. A criminal defendant may apply for reopening of his direct appeal based on a claim of ineffective assistance of appellate counsel by raising an assignment of error or an argument in support of an assignment of error that because of appellate counsel's deficient representation was not previously considered on the merits (or was considered on an incomplete record). App.R. 26(B)(1),(2)(c). Pursuant to the rule, in order to warrant reopening for further briefing, the application must demonstrate a "genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). If a genuine issue on ineffectiveness is established so that further briefing is ordered, then the appellant must fully prove the ineffectiveness of appellate counsel by demonstrating deficient performance and prejudice. App.R. 26(B)(7)-(9).

{¶4} The traditional two-pronged test of deficiency and prejudice also provides the underlying framework for assessing whether Appellant raised a genuine issue as to the ineffectiveness of appellate counsel under App.R. 26(B)(5). *State v. Tenace*, 109 Ohio St.3d 451, 2006-Ohio-2987, 849 N.E.2d 1, ¶ 5, applying *Strickland v. Washington*,

466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Adams*, 146 Ohio St.3d 232, 2016-Ohio-3043, 54 N.E.3d 1227, ¶ 2. This test is specified in the rule's requirement that the application for reopening be accompanied by a sworn statement explaining how the appellate attorney's representation "was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." App.R. 26(B)(2)(d).

{¶5} In general, deficient performance is characterized by counsel's representation falling below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In assessing a cited deficiency, reviewing courts are to heavily defer to counsel's judgments and strongly presume the contested conduct was in the wide range of reasonable representation. *Tenace*, 109 Ohio St.3d 451 at ¶ 7. Courts refrain from second-guessing the strategic decisions of counsel. *State v. Carter*, 72 Ohio St.3d 545, 558, 651 N.E.2d 965 (1995). In reviewing for ineffective assistance of counsel, prejudice refers to the determination of whether there exists a reasonable probability the result of the proceedings would have been different in the absence of the cited deficiency. *Tenace*, 109 Ohio St.3d 451 at ¶ 5. A reasonable probability is more than "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 69. *See also Carter*, 72 Ohio St.3d at 558 (prejudice exists if the court finds the results unreliable or the proceedings fundamentally unfair).

{¶6} More specifically on the first stage in App.R. 26(B), for the applicant "to justify reopening his appeal" for further briefing, it has been said he must meet "the burden of establishing there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *Tenace*, 109 Ohio St.3d 451 at ¶ 6, quoting *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998). *See also State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶ 11. In considering this test, "appellate counsel need not raise every possible issue in order to render constitutionally effective assistance." *Tenace*, 109 Ohio St.3d 451 at ¶ 7, citing *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) and *State v. Sanders*, 94 Ohio St.3d 150, 151-152, 761 N.E.2d 18 (2002).

**{¶7}** "An error-free, perfect trial does not exist, and is not guaranteed by the Constitution." *State v. Italiano*, 7th Dist. Mahoning No. 19 MA 0095, 2021-Ohio-1283, ¶ 35, citing *State v. Hill*, 75 Ohio St.3d 195, 212, 661 N.E.2d 1068 (1996). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues, to avoid diluting the force of stronger arguments." *Jones*, 463 U.S. at 751-752. Accordingly, constitutionally effective appellate counsel need not raise every non-frivolous argument the client wishes to present. *Id.* at 751. Making selections on the choice of appellate arguments is a strategical decision properly employed to avoid diluting the strength of stronger arguments. *Id.* at 752.

**{¶8}** Appellant alleges appellate counsel was ineffective for failing to set forth two additional assignments of error. His first proposed assignment of error, which presents two issues, provides:

"APPELLANT WAS DENIED A FAIR TRIAL WHEN DETECTIVE BLOOMER AND PROSECUTOR IMPROPERLY VOUCHED FOR THE ALLEGED ACCOMPLICE CREDIBILITY AND BOLSTERED THEIR TESTIMONY IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 1, 10, AND 16 OF THE OHIO CONSTITUTION."

**{¶9}** A witness, who was an employee of the restaurant Appellant robbed, testified to her phone communications with Appellant before and after the robbery wherein Appellant disclosed his intent, offered payment for her silence, and asked for the address of another employee who was speaking to police. A detective explained that he subpoenaed the phone records for the phone number Appellant provided to police as his personal number. From this, he received phone logs confirming Appellant communicated with the employee. (Tr. 271). A phone with the same phone number was recovered on Appellant during his arrest. After the detective obtained a search warrant for this phone, a task force technician used the Cellebrite program to extract the content of text messages and print them in a report. (Tr. 272-274). There was no objection made during this portion of the detective's testimony.

**{¶10}** On cross-examination, defense counsel inquired about notes written by the detective and other officers, asked why the subpoena did not obtain the content of text

messages, confirmed that the detective had the content of all texts in the Cellebrite report he read, and emphasized the detective did not testify about the contents of the text messages. (Tr. 282-283). Defense counsel then questioned the detective on topics related to the credibility of the identification and the weight of the testimony of Appellant's former girlfriend.

**{¶11}** On redirect examination, the prosecutor asked the detective if the content of the text messages he reviewed in the report confirmed what the employee described from the stand about their communications on: her getting paid; where the other employee lived; the money would be put in her mailbox; and it would occur on a Sunday. (Tr. 289-290). The only objection occurred on the fifth content-confirmation question, where the prosecutor asked if the content confirmed he was referring to a robbery. The prosecutor then asked if "the content of the message confirmed what the witness was saying?" Without objection, the detective answered in the affirmative. (Tr. 290).

**{¶12}** Under his first proposed assignment of error, Appellant sets forth two arguments. First, he argues the detective's testimony *on redirect* improperly vouched for the witness' credibility. *Citing State v. Boston*, 46 Ohio St.3d 108, 129, 545 N.E.2d 1220, 1240 (1989) ("it is the fact finder, not the so-called expert or lay witnesses, who bears the burden of assessing the credibility and veracity of witnesses"). In his objected-to answer, the detective did not provide an opinion on the veracity of the employee. The objected-to answer and his other now-contested answers were in response to questions about whether certain texts he read were consistent with the testimony he heard from the witness as she testified on the stand. These were factual questions and answers, not opinions on witness credibility. We also point out the information was elicited on *redirect* examination after defense counsel opened various doors regarding the texts. It is also noted the law cited by Appellant does not proscribe testimony which is additional support for the truth of the facts presented in a witness' testimony or which helps in evaluating the veracity of a witness. *See State v. Stowers*, 81 Ohio St.3d 260, 263, 690 N.E.2d 881 (1998).

**{¶13}** Next, Appellant claims the alleged bolstering error was compounded in the rebuttal portion of closing arguments where the prosecutor noted the employee received texts and phone calls, recited other evidence, and then said: "We've got a phone, We've

got texts. We've got phone calls * * *." (Tr. 323-324). *Citing State v. Keene*, 81 Ohio St.3d 646, 666, 693 N.E.2d 246 (1998) (finding the prosecutor's description of a witness as "one of the best witnesses any of us has seen in quite awhile" was not improper vouching for credibility). However, this did not constitute improper vouching as it did not place the prosecutor's personal credibility in issue or refer to facts outside of the testimony presented at trial. *See Keene*, 81 Ohio St.3d at 666 (finding the prosecutor is permitted to factually say a witness' testimony was supported by evidence which bolstered their credibility issue and finding the issue waived for lack of objection during closing).

{¶14} As the state notes, the use of the word "we" was referring to the jury and others listening to the evidence presented at trial (rather than behind the scenes actors). The evidence presented at trial and referred to in the contested portion of the prosecutor's rebuttal involved the employee testifying about communications she received from Appellant. The detective's direct examination confirmed (without objection) the existence of communications between the employee and the phone number Appellant claimed as his own and disclosed a matching phone was recovered from Appellant at his arrest. In the contested portion of closing argument, the prosecutor merely generally, briefly, and vaguely made reference to this testimony with no veracity vouching. *See State v. Myers*, 154 Ohio St.3d 405, 2018-Ohio-1903, 114 N.E.3d 1138, ¶ 147 (the prosecutor does not give a personal opinion of credibility by pointing to the strength of a witness's testimony while referencing demeanor, opportunity to observe, consistency, and corroborating testimony). We additionally point out the contested statement was not made until the rebuttal portion of closing argument in response to the closing argument presented by defense counsel, and no objection was made to this rebuttal argument.

{¶15} As to the first proposed assignment of error, Appellant has not raised a genuine issue as to whether he has a colorable claim of ineffective assistance of appellate counsel on the topic of counsel's refusal to brief an argument claiming the aforecited instances were examples of improper vouching for the credibility of a witness. Contrary to Appellant's argument, these are not arguable examples of improper vouching for the credibility of a witness.

{¶16} Appellant's second proposed assignment of error is also based on the phone communications, claiming:

"APPELLANT WAS DENIED HIS SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, CONFRONTATION CLAUSE, WHEN TRIAL COURT ERRED IN ADMITTING HEARSAY TESTIMONY OF TYRICA STEPHENS AND DETECTIVE RYAN BLOOMER, OVER OBJECTION, REGARDING PHONE RECORDS WHICH WERE NEVER AUTHENTICATED."

{¶17} First, Appellant alleges the employee of the store he robbed should not have been permitted to testify as to the calls and texts she received from Appellant. He says trial counsel objected to her testimony. However, the objection specified the grounds of leading or asked and answered, not the grounds now raised. (Tr. 215). In any event, the employee testified to communications *Appellant made to her*, which constituted non-hearsay under the "Admission by Party-Opponent" rule. Evid. R. 801(D)(2). Even if a statement fits the standard definition of hearsay, the same rule specifically defines non-hearsay as including a statement offered against a party which is the party's own statement or which is a statement of which the party has manifested an adoption or belief in its truth. Evid. R. 801(D)(2)(a)-(b). There is no confrontation clause argument to be made as the person who heard Appellant's statements and adoptions testified to them at trial. Contrary to Appellant's suggestion, her testimony on what Appellant said to her need not be authenticated. (And, as the state points out, the threshold for authentication is low, and a recipient can authenticate texts they received.)

{¶18} Next, Appellant says appellate counsel should have raised hearsay and confrontation clause violations regarding the prosecutor asking the detective whether he reviewed the content of text messages and whether they were consistent with the employee's testimony. As recited when discussing the first proposed assignment of error, there were no objections to the first four brief questions on whether the texts confirmed certain parts of the employee's testimony. (Tr. 289-290). The only objection occurred on the fifth content-confirmation question, where the prosecutor asked the detective if the content of the texts he reviewed confirmed the employee's testimony that Appellant was referring to a robbery. The prosecutor then generally asked if "the content of the message confirmed what the witness was saying?" Without objection, the detective answered in the affirmative. (Tr. 290). With this record, appellate counsel could not have simply presented the argument in Appellant's proposed assignment but would have been

required to raise plain error or ineffective assistance of trial counsel as to the unobjected-to questions. *See, e.g.,* Evid.R. 103(A)(1) (to raise error on appeal an objection to the admission of evidence must be made which states "the specific ground of objection" if apparent from the context and a substantial right must be affected).

**{¶19}** Notably, the prosecutor did not ask the detective about the content of the messages on direct examination. It was defense counsel who elicited that the detective reviewed the content of the text messages (not the prosecutor, as alleged in Appellant's reopening application). (Tr. 283). The detective's contested testimony was only presented *on redirect* examination, after defense counsel suggested the detective was suppressing or avoiding the content of the texts, opening the door to the issue. Additionally, the employee had already testified, presented her claims as to the non-hearsay communications she received from Appellant, and was subjected to cross-examination by Appellant. *See State v. Rose*, 7th Dist. Jefferson No. 21 JE 0014, 2022-Ohio-3529, 202 N.E.3d 1, ¶ 43 (pointing out the witness already testified on the subject of her communication with the informant and the evidence was only introduced on redirect examination of a detective after the state considered the door opened to introduce the messages).

**{¶20}** Hence, the case at bar is distinguishable from cases cited by Appellant where the text recipient did not testify (and from cases where the content of texts are recited or presented as evidence by a detective in direct examination). *See State v. Shaw*, 2013-Ohio-5292, 4 N.E.3d 406 (7th Dist.), citing *State v. Hood*, 135 Ohio St.3d 137, 2012-Ohio-6208, 984 N.E.2d 1057, ¶ 40-42 (detective was not custodian of phone records; court could not ensure statements were non-testimonial as records were not authenticated as business records, where no recipient testified), citing Evid.R. 803(6) (business records hearsay exception). In *Shaw*, we found a detective's testimony reciting the content of texts he viewed was improper where the texts were not authenticated (such as by introducing a photograph of the texts with testimony as to how they were obtained or testimony by the text recipient); however, we found any error harmless. *Id.* at ¶ 35-43. Here, the state did not utilize a business record path to admit communications under a hearsay exception (and the content of the texts was not obtained from the phone company but from an investigative extraction from the phone confiscated from Appellant). Rather,

*the recipient of the calls and texts testified* to her recollection of the communications from the party opponent.

{¶21} In summary, the proposed assignments of error do not raise a "genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal" as required by App.R. 26(B)(5). A colorable claim is not apparent as to whether counsel reasonably selected the arguments to brief on appeal. (Counsel set forth a rational selection of arguments and was successful in overturning one of the convictions). It was a valid appellate strategy to limit the amount of arguments in order to avoid diluting the strength of the favored arguments presumably chosen after review, research, and the weighing of the existence or specifics of objections made below. *See generally Tenace*, 109 Ohio St.3d 451 at ¶ 7, citing *Jones*, 463 U.S. at 751 (appellate counsel does not render ineffective assistance by "focusing on one central issue if possible, or at most on a few key issues, to avoid diluting the force of stronger arguments."). For the foregoing reasons, the application for reopening is denied.


**JUDGE CAROL ANN ROBB**

**JUDGE DAVID A. D'APOLITO**

**JUDGE MARK A. HANNI**

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**